

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDREW CELESTINE**                                   **CIVIL ACTION**

**VERSUS**                                             **NO. 00-0011**

**EDGAR C. DAY, Jr. ET AL**                            **SECTION "R"(3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)), or, the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and, the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).



## BACKGROUND

Petitioner, Andrew Celestine, is an inmate incarcerated at the Washington Correctional Institute, Angie, Louisiana.  On October 2, 1997, petitioner was found guilty by a jury of one count of aggravated burglary in violation of La.Rev.Stat.Ann. § 14:60 (West 2000).[2]  On January 27, 1998, the petitioner was sentenced to twenty five (25) years at hard labor with credit for time served.[3]  On August 18, 1998, the petitioner pled guilty to being a second felony offender and, in accordance with La.Rev.Stat.Ann. § 15:529.1 (West 2000), the trial court vacated petitioner's original sentence and sentenced him to serve twenty five (25) years at hard labor with credit for time served.[4]

On March 30, 1999, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction, but vacated the petitioner's sentence finding that he had not been properly advised of his rights at the multiple offender hearing.[5]  Petitioner applied for supervisory and/or remedial writs with the Louisiana Supreme Court on April 29, 1999.[6]  On October 8, 1999, the Louisiana Supreme Court denied petitioner's application.[7]

On October 19, 1999, the state filed another multiple offender bill of information.[8]

---

[2] State Rec., Vol. I of II, pp. 10-1, 27, 199.

[3] State Rec., Vol. I of II, p. 49.

[4] State Rec., Vol. I of II p. 65.

[5] State v. Celestine, 735 So.2d 109 (La. App. 5 Cir. 1999).

[6] State Rec., Vol. II of II, pp. 122-142.

[7] State v. Celestine, 750 So.2d 178 (La. 1999).

[8] State Rec., Vol. II of II, p. 121.

On December 15, 1999, the petitioner pled guilty to being a second felony offender.[9] The trial court vacated his original sentence and sentenced him to serve twenty five (25) years at hard labor with credit for time served.[10]

In support of his application for federal *habeas corpus* relief, the petitioner claims that:

> 1. The state failed to adduce sufficient evidence at trial to support the jury's guilty verdict;
>
> 2. After a state witness made an impermissible reference to other crimes evidence, the trial court erred when it failed to grant petitioner a new trial;
>
> 3. The trial court erroneously charged the jury with a criminal offense for which the petitioner was not on trial.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law. Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996), cert. denied, 520 U.S. 1107 , 117 S. Ct. 1114, 137 L.Ed.2d 315 (1997), overruled in part on other grounds, Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).[11] As to questions

---

[9] State Rec., Vol. II of II, p. 119-20.

[10] State Rec., Vol. II of II, p. 119-20.

[11] The Fifth Circuit also noted in Drinkard that the threshold question in review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and not be in "procedural default" on a claim. Drinkard v. Johnson, 97 F.3d at 766; 28 U.S.C. § 2254(e)(2). In this case, the state does not contest the fact that petitioner has exhausted state court remedies. The newly amended statute also codifies the "presumption of correctness" that attaches to state court

of fact, the amended statute "permits federal court relief if the state court adjudication of the claim 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.'" Id. (citing 28 U.S.C. § 2254(d)(2)). As to questions of law, "a federal court may grant habeas relief only if it determines that a state court's decision rested on a legal determination that was contrary to . . . clearly established Federal law, as determined by the Supreme Court." Id. at 768. "[W]hen reviewing a mixed question of law and fact, a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of[ ] clearly established Federal law, as determined by the Supreme Court,' to the facts of the case." Id. at 768 (quoting 28 U.S.C. § 2254(d)(1)). The Fifth Circuit further explained the standard of review applicable to mixed questions of fact and law as follows: "[A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." Id. at 769.[12]

## SUFFICIENCY OF THE EVIDENCE

Petitioner contends that the state failed to adduce sufficient evidence at trial to support his aggravated burglary conviction. La.Rev.Stat.Ann. § 14:60 (West 2000) defines aggravated burglary as:

---

findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. Id.; § 2254(e)(1).

[12] The state concedes that petitioner has timely filed his petition in accordance with AEDPA guidelines. The state also does not contend that there are any procedural bars to this Courts review of the merits of petitioner's application for federal *habeas corpus* relief.

4

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
>> (1) Is armed with a dangerous weapon; or
>> (2) After entering arms himself with a dangerous weapon; or
>> (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

In the present case, the petitioner contends that the state failed to prove that he entered the victim's apartment with the intent to commit a felony or a theft therein, that there was no forced entry, and that the state failed to prove his identity as the perpetrator of this crime.

A federal court may grant *habeas* relief on a claim of insufficiency of the evidence only when "the state courts have unreasonably applied the Jackson [v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)] standard." Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir.), *overruled in part on other grounds*, Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); see also 28 U.S.C. § 2254(d)(1). The Jackson standard asks whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2991-92, 61 L. Ed. 2d 560 (1979). The Jackson standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16, 99 S.Ct. at 2792 n. 16 (citations omitted). As stated in Bledsue v. Johnson, 188 F.3d 250, 260 (5th Cir. 1999):

>> "[F]ederal habeas courts should independently analyze the governing statute, the indictment, and the jury charge to measure the constitutional sufficiency of the evidence and determine what are the *essential elements* required by the *Jackson* sufficiency inquiry."

This Court may find the evidence to be sufficient, even though the facts additionally support one or

5

more reasonable hypotheses which are consistent with petitioner's innocence claim.  Foy v. Donnelly, 959 F.2d 1307, 1316 (5th Cir. 1992); see also Gibson v. Collins, 947 F.2d 780, 783 (5th Cir. 1991), cert. denied, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992).

A sufficiency of the evidence argument presents a mixed question of fact and law See Gomez v. Acevedo, 106 F.3d at 199; see Taylor v. Day, 1999 WL 195515, *3 (E.D.La. April 6, 1999) (Berrigan, J.).  Therefore, this Court must determine whether the "state court decision [was] so clearly incorrect that it would not be debatable among reasonable jurists." Drinkard, 97 F.3d at 769.

The Louisiana Fifth Circuit Court of Appeal applied the Jackson v. Virginia standard and found that:

> In his first assignment of error, the defendant challenges the sufficiency of the evidence used to convict him. Specifically, the defendant claims that the state failed to prove that he entered the victim's apartment with the intent to commit a felony or a theft therein. He also claims that the state failed to sufficiently prove the identity of the defendant as the perpetrator.  The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, LSA- R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Additionally, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof.

6

The defendant herein was convicted of aggravated burglary. LSA-R.S. 14:60 defines an aggravated burglary as the unauthorized entry of an inhabited dwelling with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon upon entry, arms himself with a dangerous weapon after entering, or commits a battery upon any person while inside or upon entering or leaving.

In the present case, the testimony at trial established that while Ms. Culotta was asleep, the defendant entered her apartment without her permission. When Ms. Culotta awoke and discovered the defendant standing in her den, she began screaming. The defendant then attacked her, grabbed her by the hair, and pushed her into the bedroom and up against the furniture. As a result of the attack, Ms. Culotta sustained cuts and bruises which required medical treatment, and she also lost a lot of her hair. At trial, Ms. Culotta testified that when the defendant eventually left her apartment, she noticed that the sliding glass door was half open and that the bar used to keep the door from moving was on the carpet next to the door. There was also testimony by one of the police officers that a few of the boards in the fence adjacent to the sliding glass door were "freshly pulled loose." In addition, when the defendant was discovered by Ms. Culotta, he offered no excuse for his presence, thereafter attacked the victim, and remained in her apartment for several minutes after the struggle. In light of these facts, we find that a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt, that the defendant, without authority, entered Ms. Culotta's apartment and committed a battery upon the victim. Moreover, it is clear from these circumstances that the jury could have inferred that the defendant intended to commit a felony or theft therein.

In addition to proving the elements of the offense, we also find that the state sufficiently proved the identity of the defendant as the perpetrator. The defendant expresses concern about his identification because at trial the victim testified that only two males in the photographic lineup matched her description of the assailant and she did not identify the, photograph of the defendant as one of the two males. We acknowledge this testimony by the victim; however, we further note that the victim positively identified the defendant in the photographic lineup and at trial as the perpetrator. Moreover, she testified that but for the defendant's facial hair, which she described as "so light, you can barely see it," and "peach fuzz," the defendant did, in fact, fit the description that she initially gave to the police. Accordingly, we find that the state sufficiently negated any

reasonable probability of misidentification. Based on the foregoing discussion, we find that this alleged error is without merit. (Citations omitted).[13]

The Court's consideration of the sufficiency of the evidence extends only to what was presented at trial.  Guzman v. Lensing, 934 F.2d 80, 82 (5th Cir. 1991), (citing Tyler v. Phelps, 643 F.2d 1095, 1102 (5th Cir. 1981), cert. denied, 456 U.S. 935, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982)).  Having reviewed the record, petitioner has failed to show that the decision rendered by the Louisiana Fifth Circuit Court of Appeal "[was] so clearly incorrect that it would not be debatable among reasonable jurists."  Drinkard, 97 F.3d at 769.  Petitioner's claim is, therefore, without merit.


## MOTION FOR MISTRIAL

Petitioner alleges that the trial court erred when it failed to grant a mistrial after a state witness made an inadmissible reference to other crimes.  Federal habeas review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law.  Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir. 1992), cert. denied, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d 675 (1993).  Such review is proper only to determine whether a state trial judge's error is so extreme" as to render the trial fundamentally unfair or violate an explicit constitutional right."  Peters v. Whitley, 942 F.2d 937, 940 (5th Cir. 1991), cert. denied, 502 U.S. 1113, 112 S.Ct. 1220, 117 L.Ed.2d 457 (1992).  In determining whether there was a denial of fundamental fairness, the Fifth Circuit has stated that the erroneous admission of prejudicial evidence justifies federal *habeas corpus* relief only if it is "material in the sense of a crucial, critical,

---

[13] State v. Celestine, 735 So.2d at 112-13.

highly significant factor." <u>Hills v. Henderson</u>, 529 F.2d 397, 401 (5th Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976)(quotation omitted).

The Louisiana Fifth Circuit Court of Appeal summarized this issue as follows:

In the present case, the motion for mistrial was based upon the following testimony, which was given by the police officer who conducted the follow-up investigation of the crime:

Q: [by the District Attorney] And did you attempt some how to get Ms. Culotta to identify the person who broke into her apartment?
A: [Police Officer] Yes, I did.
Q: Okay. And how did you go about that?
A: I went and got a--well, after I got the name, I think the apartment, manager gave me the name of the subject that fit the description that Ms. Culotta gave, that lived in the complex. And when I got that name, I ran that subjects name through the national crime computer and got a pass (sic) criminal history and got a--

Based on the officer's reference to the defendant's past criminal history, defense counsel moved for a mistrial which was denied by the trial judge.

Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial. Whether a mistrial should be granted is within the sound discretion of the trial court, and denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion.

LSA-C.Cr.P. art. 770 mandates a mistrial upon motion of a defendant, "when a remark or comment made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to ... another crime committed or alleged to have been committed by the defendant as to which evidence is inadmissible." The courts have consistently held that a policeman is not a "court official" and therefore even if the policeman makes reference in his testimony to another crime, mistrial under LSA-C.Cr.P. art. 770 is not required. The proper remedy would be upon request of defendant an admonition to the jury to disregard the remark. Furthermore, to trigger the need for an admonition the remark must refer to a crime alleged to have been committed by the defendant. LSA-C.Cr.P. art. 771.

9

In the present case, the officer did not refer to any specific crime committed by the defendant. He merely stated that he ran the defendant's name through the national crime computer, got a past criminal history and obtained a photograph. Under these circumstances, we find no abuse of the trial court's discretion in refusing to declare a mistrial. Accordingly, this alleged error is without merit. (Citations omitted).[14]

Petitioner has not demonstrated any reason why the trial court's denial of his motion for mistrial should be considered an error of extreme constitutional proportions. There has been no denial of petitioner's rights under the U.S. Constitution.

## JURY INSTRUCTION

"When reviewing a challenged jury instruction under § 2254, the Supreme Court has directed that '[t]he only question...is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"[15] Further, "[i]t is well-established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record."[16]

The record reveals that the trial court properly charged the jury as to what constituted the crime of aggravated burglary and all of the applicable responsive verdicts.[17] The Louisiana Fifth Circuit Court of Appeal, in rejecting an identical argument, stated:

---

[14] State v. Celestine, 735 So.2d at 113-4. The Court would also note, as did the state appellate court, that although petitioner's counsel requested a mistrial, the defense made no request for an admonition.

[15] Hughes v. Johnson, 191 F.3d 607, 627 (5th Cir. 1998) (*citing* Weeks v. Scott, 55 F.3d 1059, 1065 (5th Cir. 1995), *quoting* Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d. 385 (1991)). See also Mayabb v. Johnson, 168 F.3d 863, 867 (5th Cir. 1999).

[16] Hughes, 191 F.3d at 627(quoting McGuire, 502 U.S. at 72).

[17] State Rec., Vol. I of II, pp. 184-191.

10

In the present case, we recognize that on one occasion the trial judge improperly told the jury that the defendant was charged with simple burglary. However, both immediately before and after that single misstatement, the trial judge correctly charged the jury that the defendant was on trial for the crime of aggravated burglary and properly explained the elements pertaining to the crime of aggravated burglary. Moreover, the district attorney and the defense attorney referred to the crime of aggravated burglary throughout the trial. In light of these circumstances, we cannot say that this one misstatement by the trial judge, when viewed in context with the remainder of the charge, either confused the jury or caused undue prejudice to the defendant. Accordingly, this assigned error likewise lacks merit.[18]

The objected to instruction did not so infect the trial as to violate petitioner's right to due process. The Court finds no federal constitutional violation. Furthermore, this Court is unable to conclude that the isolated portion of the jury charge about which petitioner complains had a substantial and injurious effect or influence on the jury's verdict.[19]

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of Andrew Celestine for *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

---

[18] State v. Celestine, 735 So.2d at 115.

[19] Mayabb v. Johnson, 168 F.3d 863, 867-68 (5th Cir. 1999); Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1721-22, 123 L.Ed.2d 353 (1993).

to object. <u>Douglass  v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _16_ day of ___May___, 2000.

_____

**LANCE M. AFRICK**
**UNITED STATES MAGISTRATE JUDGE**