FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT -4 PM 4:09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW CELESTINE                         CIVIL ACTION

VERSUS                                   NO. 00-0011

EDGAR C. DAY, JR., ET AL.                SECTION "R"(3)

## ORDER AND REASONS

Before the Court are plaintiff Andrew Celestine's objections to the Magistrate's Report and Recommendation. Having reviewed *de novo* the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiff's objections thereto, the Court agrees that plaintiff's complaint should be dismissed with prejudice.

I.  **Background**

Plaintiff, Andrew Celestine, is a state prisoner incarcerated in the Washington Correctional Institute at Angie, Louisiana. A state jury found Celestine guilty of one count of aggravated burglary, and, on January 27, 1998, the trial court sentenced him to twenty-five years at hard labor with credit for time served. On August 18, 1998, Celestine pled guilty to being

DATE OF ENTRY
OCT  5 2000

a second felony offender; the trial court vacated his original sentence and sentenced him to twenty-five years at hard labor with credit for time served. Petitioner appealed his conviction to the Louisiana Fifth Circuit Court of Appeal and that court affirmed his conviction but vacated his sentence, finding that he had not been properly advised of his rights at the multiple offender hearing. *See State v. Celestine*, 735 So. 2d 109, 116 (La. App. 5th Cir. 1999). The Louisiana Supreme Court subsequently denied his application for supervisory and/or remedial writs. *See State v. Celestine*, 750 So. 2d 178 (La. 1999).

On October 19, 1999, the state filed another multiple offender bill of information, and, on December 15, 1999, Celestine pled guilty, again, to being a second felony offender. The trial court vacated its original sentence and sentenced him to serve twenty-five years at hard labor with credit for time served.

Petitioner then filed a petition for federal habeas corpus relief. He claims (1) the state failed to adduce sufficient evidence at trial to support the jury's guilty verdict, (2) the trial court erred when it failed to grant him a new trial after a state witness made an impermissible reference to other crimes evidence, and (3) the trial court erroneously charged the jury

with a criminal offense for which he was not on trial.

After considering Celestine's arguments, the Magistrate Judge determined that an evidentiary hearing was not necessary and recommended dismissing Celestine's petition with prejudice. Specifically, the Magistrate Judge found that the state presented sufficient evidence to support petitioner's conviction, that Celestine failed to show why the trial court's denial of his motion for mistrial constituted an error of extreme constitutional proportions, and that the alleged erroneous jury instruction neither violated his right to due process nor had a substantial, injurious effect on the jury's verdict.

Objecting to the Report and Recommendation, Celestine challenges the Magistrate Judge's reliance on *Drinkard v. Johnson*'s "all reasonable jurist" standard, in light of the United States Supreme Court's holding in *Williams v. Taylor*. (Pet'r's Objection at 2.). Petitioner further contends that the Magistrate Judge "unreasonably" applied *Jackson v. Virginia*. (*Id.*)

## II. Discussion

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, comprehensively revised federal habeas corpus legislation and instituted revised standards of review for

3

federal habeas claims adjudicated on the merits in state court. Under the AEDPA, a federal habeas court may not grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court unless the state-court adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application or, clearly established federal law as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). The Supreme Court recently held that a decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, __ U.S. __, 120 S. Ct. 1495, 1523 (2000); *accord Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *petition for cert. filed*, (U.S. Aug. 28, 2000)(No. 00-5947). With regard to the "unreasonable application" clause, the Court rejected the Fourth Circuit's "all reasonable jurists" standard, noting that the application of such a standard by federal habeas courts has erroneously focused on a subjective rather than objective inquiry. *See Williams*, 120 S.

Ct. at 1523 (*citing Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). The Court instead held that a federal court may grant a writ of habeas corpus only if the state court unreasonably applies the correct governing legal principle to the facts of the prisoner's case. *See id.* The state court's findings of fact are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### B.  *Williams v. Taylor*

Petitioner first argues that the Supreme Court's ruling in *Williams v. Taylor* entitles him to relief. He notes that the Magistrate applied *Drinkard's* "reasonable jurist" standard that the Supreme Court rejected in *Williams*. The Court agrees the more appropriate inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, __ U.S. __, 120 S. Ct. at 1521. Nevertheless, after reviewing the record, the Court finds that plaintiff has failed to show that the decision rendered by the Louisiana Fifth Circuit Court of Appeal was objectively unreasonable.

### B.  *Jackson v. Virginia*

Second, Celestine asserts that the Magistrate Judge applied *Jackson v. Virginia* in "an unreasonable way" because the proper

inquiry is not whether there was any evidence to support the conviction, but whether there was sufficient evidence. Despite petitioner's characterization of the Magistrate Judge's analysis, the Magistrate Judge did analyze the sufficiency of the evidence. Moreover, the Court concurs that the evidence presented at trial was sufficient.

III. Conclusion

For the foregoing reasons and subject to the modification discussed, the Court approves the Report and Recommendation of the United States Magistrate Judge and adopts it as the Court's opinion. Accordingly,

IT IS ORDERED that plaintiff's claims be DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of October, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE