U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  06 NOV 2000
LORETTA G. WHYTE
CLERK

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDRE CELESTINE                                                 CIVIL ACTION

VERSUS                                                          NO. 00-0011

EDGAR C. DAY, JR. ET AL                                         SECTION "R" (3)

MOTION FOR CERTIFICATE OF APPEALABILITY

HON. SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

MAY IT PLEASE THE COURT:

ANALYSIS

A. Standard or Review

In ***Miller v. Johnson,*** the Fifth Circuit held:

Under the AEDPA, a petitioner must obtain a COA, 28 U.S.C. § 2253 (c) (2). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right ." 28 U.S.C. § 2253 (c) (2). To make such a showing, a petitioner, "must demonstrates that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." ***Id.*** *200 F.3d 274,280* ... Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. ***Fuller v. Johnson,*** *114 F.3d 491,495 (5th Cir. 1997).*

**"Debating among jurist of reason" standard.**

The Supreme Court rejected the Fourth Circuit's "all reasonable jurists" standard, noting that the application of such a standard by federal habeas courts has erroneously focused on a subjective rather than objective inquiry. *See Williams, 120 S.Ct. At 1523* (citing ***Drinkard v. Johnson**, 97 F.3d 751,769 (5th Cir. 1996))*.

**Reasons for issuing COA**

*Insufficient Evidence*

*Jackson/ In re Winship is a Constitutional Right.*

The *Winship* court articulated three interests that the reasonable doubt standard protects. First, it protects the defendants interest in being free from unjustified loss of liberty. Second, it protects the defendant from the stigmatization resulting from conviction. Third, it engenders community confidence in the criminal law by giving "concrete substance" to the presumption of innocence. In this regard the court stated "it is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned. In his concurring opinion Justice Harlan noted that the standard is "bottom on a fundamental value determination of our society that is far worse to convict an innocent man than to let a guilty man go free."

The burden of proof consist of two parts, the burden of production and the burden of persuasion. The burden of production is the burden of producing enough evidence to put a fact in issue. The burden of production is usually borne by the party who first pleaded the existence of a fact not yet in issue, but can shift from one party to another. If a party fails to sustain its burden of production, the party is subject to an adverse ruling by the court. For instance, the prosecution has the burden of production on every element of the offense charged.

B. Discussion

*Initial Police p. 3 of 5*

    Ms. Ann Culotta advised, the male continued to plead with her not to call the police, then exited the apt. via the front door direction or means or escape.

*Direct Examination*

    **By Mr. Wallace: (Line 6-12 Tr. T. p. 13)**

| | |
|---|---|
| Q. | After you saw this person, what did you do? |
| A. | Um, I began screaming. |
| Q. | Did you day anything to this person? |
| A. | Well, I asked him what he was doing in my apartment and - - - |
| Q. | Was there any response? |
| A. | Yes, He said, I don't know. |

*Direct Examination cont. (Line 3-9 Tr. T. p. 14)*

| | |
|---|---|
| Q. | Did you seek any medical attention for this? |
| A. | Yes, I went to the hospital. |
| Q. | And were you treated? |
| A. | Yes |
| Q. | Where did you go? |
| A. | East Jefferson Hospital. |

    Petitioner contends, there's enough evidence to prove their was no *intent* to commit a felony or any theft therein, plus the State never did prove the victim hospital medical treatment, no doctor or EMT testify to the victim medical condition.

*Cross Examination*

**By Mr. Soignet: (Line 17-23 Tr. T. p. 28)**

Q.  Did he have a mustache, or a beard, or a goatee?

A.  No.

Q.  He did not?

A.  No.

Q.  You're absolutely sure of that?

A.  Yes.

*Re-Direct*

**By Mr. Wallace: (Line 24-28 Tr. T. p. 31)**

Q.  Now, it appears that there is a faint or, why don't you characterize that facial hair or that mustache?

A.  It's so light, you can barely see it. It's like peach fuzz. You can barely see it.

Louisiana Fifth Circuit Court of Appeal applied the *Jackson v. Virginia* standard to one of the strengths of petitioner's insufficient evidence claim as follow:

.... Additionally, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof... .... In addition to proving the elements of the offense, we also find that the State sufficiently proved the identity of the defendant as the perpetrator. The defendant expresses concern about his identification because at trial the victim testified that only two males in the photographic lineup matched her description of the assailant and she did not identify the, photograph of the defendant as one of the two males. We acknowledge this testimony by the victim; however, we further note that the victim positively identified the defendant in the photographic lineup as the perpetrator. Moreover, she testified that but for the defendant's

## CONCLUSION

Petitioner prays this Honorable Court issue a certificate of appealability (COA) under *Jackson/In re Winship* duration.

*Andrew Celestine*
Andrew Celestine #392578
Washington Correctional Institute
Rain Unit - Three
27268 Highway 21
Angie, Louisiana